NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-644

JILL S. ZOELLER

vs.

RICHARD C. ZOELLER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The husband appeals from a judgment of contempt dated March 14, 2022, arguing that the judge abused his discretion in two respects. First, the husband argues that the judge should not have found him to be in contempt of a previous judgment that required, among other things, that the husband list real property located at 56 Grist Mill Road, Pittsfield (property) for sale on or before June 25, 2021. Second, he argues that the judge's appointment of an independent attorney, pursuant to Mass. R. Dom. Rel. P. 70, to sell the property was so broad as to leave the attorney impermissibly "unsupervised." We affirm.

The parties were divorced in 2021.[1] As pertinent here, the divorce judgment, as amended, required the husband to pay the

---

[1] The judgment of divorce nisi was dated February 12, 2021, and an amended judgment of divorce nisi was dated April 6, 2021.

wife a total sum of $799,092.21 within thirty days.  The husband

failed to satisfy this obligation, which ultimately led to a

contempt judgment against him on May 25, 2021.  Among other

things, the May 25 contempt judgment required the husband to

"enter into a written listing agreement with a local realtor of

his choosing" for the sale of the property on or before Friday,

June 25, 2021.  The May 25 contempt judgment also warned the

husband that the judge would consider appointing a third party

"to undertake all actions necessary to sell" the property,

pursuant to Mass. R. Dom. Rel. P. 70, should the husband fail to

comply with the provisions of the May 25 contempt judgment or if

it were "determined for any other reason that he is not making a

good faith effort to sell the property."  It is undisputed that

the husband did not list the property by the date required.

The wife then filed another complaint for contempt.  After

trial,[2] the husband was found in contempt of the May 25 contempt

judgment for failing to list the property for sale by June 25,

2021,[3] and for "failure to cooperate with the realtor regarding

---

[2] The trial was conducted by Zoom on February 2, 2022, and March
1, 2022.  The husband has failed to include the trial exhibits
in the appellate record, even though one of his primary claims
is that the evidence was insufficient.  See Shawmut Community
Bank, N.A. v. Zagami, 411 Mass. 807, 811 (1992) (appellant must
provide reviewing court with all relevant portions of record);
Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019).
[3] The husband was also found to be in contempt for not listing
the property for sale during the period from January 1, 2022 to
February 13, 2022.

the marketing of the property, particularly with the establishment and adjustment of the listing price." The judge accordingly appointed an independent attorney to sell the property, giving the attorney "sole authority to enter into a listing agreement with a realtor of her choosing," establish a listing price, negotiate a purchase price, execute all documents necessary to complete the sale, negotiate with lien holders, "and take any other action reasonably necessary to complete the sale."[4] It is this judgment that is before us now.

"We review the judge's ultimate finding of contempt for abuse of discretion, but we review underlying conclusions of law de novo and underlying findings of fact for clear error." Jones v. Jones, 101 Mass. App. Ct. 673, 688 (2022), quoting Commercial Wharf E. Condominium Ass'n v. Boston Boat Basin, LLC, 93 Mass. App. Ct. 523, 532 (2018). "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made 'a clear error of judgment in weighing' the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (citation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). "[W]e give 'due regard' to the trial judge's ability to judge the

_____

[4] The husband was ordered to cooperate with the attorney's reasonable requests, respond to her communications within twenty-four hours, and to allow her full access to the property if given twenty-four hour advance notice.

3

witnesses' credibility" (citation omitted).  O'Connell v. Greenwood, 59 Mass. App. Ct. 147, 150 (2003).

"To constitute civil contempt there must be 'clear and convincing evidence of disobedience of a clear and unequivocal command.'"  Jones, 101 Mass. App. Ct. at 687, quoting Birchall, petitioner, 454 Mass. 837, 853 (2009).  "Civil contempt 'can be used as an enforcement mechanism only if the underlying order is sufficiently clear, so that the party to be bound is provided with adequate notice of the required or prohibited activity.'"  Lynch v. Police Comm'r of Boston, 51 Mass. App. Ct. 772, 776 (2001), quoting Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 565-566 (1997).  "The requisite unequivocal clarity requires more than a general statement that might or might not include the accused's conduct."  O'Connell, 59 Mass. App. Ct. at 150.  "[O]ur cases do not require a clear showing of actual intent to disobey a court order to support a judgment of civil contempt."  Hoort v. Hoort, 85 Mass. App. Ct. 363, 367 (2014), citing O'Connell, supra at 150-151 & n.3 (2003).

The May 25 contempt judgment was perfectly clear that the husband needed to enter into a written listing agreement by a particular date.  And, as we have already noted, there is no dispute that the husband failed to list the property for sale by the date required.  Furthermore, the husband has not argued, let alone demonstrated, any reason to justify that failure.

4

Especially when viewed in the context of the husband's other efforts to delay and obstruct, the judge was well within his discretion to determine that the husband was in contempt of the order to list the property for sale by June 25, 2021. Deciding this issue as we do, we need not (and do not) reach the husband's argument that the judge abused his discretion in also finding him in contempt of the requirement that he cooperate with the realtor's reasonable requests.

We turn to the husband's argument that the judge erred in appointing, pursuant to Mass. R. Dom. Rel. P. 70, an "unsupervised" attorney to sell the property. To begin with, rule 70 does not require the judge to maintain continuing oversight of a person appointed under the rule. Instead, rule 70 simply provides that

> "[i]f a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party."

Mass. R. Dom. Rel. P. 70. In any event, the husband was on clear notice that the judge intended to appoint a third party "to undertake all actions necessary to sell the real property" should he fail to comply with the May 25 contempt judgment. Thus, the broad appointment came as no surprise and was a direct

5

result of the husband's failure to comply with the earlier May 25 contempt judgment.

In any event, the husband's contention that the appointment was overbroad is moot.  The appointment has concluded, the property has been sold, and the husband was unable at oral argument to identify any relief to be had from this appeal.

Judgment of contempt dated March 14, 2022, affirmed.

By the Court (Meade, Wolohojian & Walsh, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered:  May 9, 2023.

---

[5] The panelists are listed in order of seniority.